UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUN - 2 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

DARRYL PATTERSON                         :
1113 East Capitol Street, SE
Washington, DC 20003                     :

          Plaintiff,                     :

                                         :   Case No._____

     v.                                  :


CORLEY CLARENCE                          :
6850 Southfield Road
Fort Washington, MD 20744                :

                                             CASE NUMBER 1:05CV01105
     and
                                             JUDGE: Royce C. Lamberth

WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY                       DECK TYPE: Personal Injury/Malpractice
(a/k/a "WMATA")
600 Fifth Street, N.W.                       DATE STAMP: 06/02/2005
Washington, D.C. 20001

                                         :

     Serve: Cheryl Burke, Esquire
            General Counsel, WMATA       :
            600 Fifth Street, N.W.
            Washington, DC 20001
                                         :

          Defendants.                    :


COMPLAINT FOR NEGLIGENCE
(Bus-Pedestrian Collision; Negligence – Respondeat Superior; Liability - - Negligent Hiring, Training, Supervision and Retention)

JURISDICTION AND VENUE

1.  Jurisdiction in this court is founded on the Washington Metropolitan Area Transit Regional Compact, which establishes original jurisdiction in this court over WMATA matters pursuant to WMATRC Art. XVI § 81; D.C. Code Ann. § 1-2431(81) (1981) and DC ST § 9-1107.10.

1

2.  Jurisdiction is further founded on diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332. The amount in controversy exclusive of costs and interest exceeds Seventy-Five Thousand Dollars ($75,000.00).

3.  Venue in this Court is proper as the negligent acts and/or omissions committed by the Defendants occurred in the District of Columbia.

## PARTIES

4.  Upon information and belief, Defendant Corley Clarence, was at all times relevant a citizen and resident of Fort Washington, Maryland.

5.  At all times relevant hereto, Plaintiff Darryl Patterson has been and continues to be a citizen and resident of the District of Columbia.

6.  Upon information and belief, Defendant WMATA., is a transit authority created by Federal Compact and authorized to do business in the District of Columbia.

7.  At all times relevant, Defendant WMATA was the owner of the transit bus being operated by Defendant Corley Clarence, who was acting in the course and scope of his employment with WMATA, therefore any negligence on the part of Defendant Clarence is imputed to the Defendant WMATA.

## FACTS

8.  On June 25, 2003, at approximately 8:15 a.m., Plaintiff Darryl Patterson's vehicle was lawfully parked in front of 666 Pennsylvania Avenue, S.E. in the District of Columbia.

9.  At the same time and place, Defendant Corley Clarence was operating a Metro bus, #8785, owned by Defendant WMATA, traveling westbound on Pennsylvania Avenue, S.E. near the intersection of 7th Street, S.E. in the District of Columbia.

10. As the Plaintiff attempted to enter his parked vehicle, Defendant Clarence, who was operating the WMATA bus recklessly and outside of its marked lane, struck the Plaintiff and his parked vehicle.

11. Plaintiff Darryl Patterson sustained severe and permanent injuries as a result of the accident, including the traumatic loss of a digit.

12. At all times relevant herein, Defendant Clarence was operating the Metro bus with the permission of its owner, and in the course and scope of his employment with his employer, Defendant WMATA.

## COUNT I
### (Negligence – Defendant Corley Clarence)

13. The Plaintiff incorporates, by reference, paragraphs one through ten, and further alleges that the collision was a direct and proximate result of the negligence of Defendant Corley Clarence, in failing to maintain proper control of his motor vehicle, failure to maintain his lane of travel, failing to keep a proper lookout for parked vehicles and pedestrians, failing to pay full time and attention to the operation of his motor vehicle, driving at excessive speeds, driving recklessly and dangerously, and in otherwise failing to adhere to the applicable traffic and motor vehicle regulations then and there in effect.

14. As a direct and proximate result of the negligence of the Defendant Clarence, Plaintiff Darryl Patterson suffered severe injuries, including a traumatic amputation of his left index finger and resulting disfigurement and injuries to his hip and left hand, some or all of which may be permanent in nature.

15. In addition, Plaintiff Darryl Patterson suffered and will continue to suffer physical pain and mental anguish and has incurred and will continue to incur substantial medical expenses and lost wages.

WHEREFORE, Plaintiff Darryl Patterson demands judgment against Defendants Corley Clarence and WMATA, jointly and severally, in the full and just amount of One Million Dollars ($1,000,000.00), plus interests and costs.

## COUNT II
### (Negligence – Respondeat Superior Liability - Defendant WMATA)

16. The Plaintiff incorporates, by reference, paragraphs one through thirteen, and further alleges that at all times herein relevant, Defendant Clarence was the permissive operator of the Metro transit bus which caused this accident, driving it in the course and scope of his employment.

17. Defendant WMATA was the owner of the Metro transit bus being operated by Defendant Clarence and Defendant Clarence was operating the bus in the performance of his work duties for the Defendant, WMATA. Thus Mr. Clarence's negligence is legally imputed to Defendant WMATA pursuant to the doctrine of *respondeat superior* and pursuant to the District of Columbia Motor Vehicle Safety and Financial Responsibility Act, to Defendant WMATA.

18. As a direct and proximate result of the negligence of the Defendant WMATA, Plaintiff Darryl Patterson suffered severe injuries, including a traumatic amputation of his left index finger and resulting disfigurement and injuries to his hip and left hand, some or all of which may be permanent in nature.

19. In addition, Plaintiff Darryl Patterson suffered and will continue to suffer physical pain and mental anguish and has incurred lost wages and sustained a loss of wage earning capacity and will continue to incur substantial medical expenses.

WHEREFORE, Plaintiff Darryl Patterson demands judgment against Defendants WMATA and Corley Clarence, jointly and severally, in the full and just amount of One Million Dollars ($1,000,000.00), plus interests and costs.

## COUNT III
### (Negligent Hiring, Training, Supervision and Retention – Defendant WMATA)

20. The Plaintiff incorporates, by reference, paragraphs one through seventeen, and further alleges that Defendant WMATA, through its employees, agents, and/or servants, had a duty to properly and adequately maintain, operate and supervise a safe public transportation system, including maintaining, operating and supervising safe Metro buses.

21. Plaintiff further alleges that the Defendant WMATA breached its duty of safe operation and supervision by failing to provide a safe and adequately trained bus driver.

22. Plaintiff alleges that the Defendant WMATA had a duty not to hire and/or retain unsafe, careless and/or reckless drivers to operate their buses.

23. Plaintiff further alleges that the Defendant WMATA, through its employees, agents, and/or servants, had a duty to properly hire and train its Metro bus drivers and other Metro personnel.

24. The Defendant breached the duty of care by failing to adequately train its employees with respect to safe operation of Metro buses and basic traffic safety guidelines with respect to other vehicles on the road and pedestrian traffic and by

retaining a bus driver who the Defendant knew or should have known was not a safe, careful and prudent bus operator.

25. As a direct and proximate result of the Defendant WMATA's negligent acts and/or omissions, the Plaintiff Darryl Patterson suffered severe injuries, including a traumatic amputation of his left index finger and resulting disfigurement and injuries to his hip and left hand, some or all of which may be permanent in nature.

26. In addition, Plaintiff Darryl Patterson suffered and will continue to suffer physical pain and mental anguish, has incurred lost wages and sustained a loss of wage earning capacity and has incurred and will continue to incur substantial medical expenses.

WHEREFORE, Plaintiff Darryl Patterson demands judgment against Defendants Corley Clarence and WMATA, jointly and severally, in the full and just amount of One Million Dollars ($1,000,000.00), plus interest and costs.

## JURY TRIAL DEMAND

The Plaintiff requests a jury trial on all of the above claims.

Respectfully submitted,

REGAN, HALPERIN & LONG, PLLC

By:_____
Jonathan E. Halperin    #435512
Paul Cornoni          # 489398
1919 M Street N.W.
Suite 350
Washington, D.C. 20036
Phone: (202) 463-3030
Counsel for Plaintiff