## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **DARRYL PATTERSON** | : | |
| **1113 East Capitol St., SE** | : | |
| **Washington, D.C.  20003** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Case No.  05-1105 (RCL)** |
| **v.** | : | |
| | : | |
| **CORLEY CLARENCE** | : | |
| **6850 Southfield Road** | : | |
| **Fort Washington, MD 20744** | : | |
| | : | |
| **and** | : | |
| | : | |
| **WASHINGTON METROPOLITAN** | : | |
| **AREA TRANSIT AUTHORITY** | : | |
| **600 5th Street, N.W.** | : | |
| **Washington, D.C. 20001** | : | |
| | : | |
| **Defendants.** | : | |

### DEFENDANTS' ANSWER TO COMPLAINT

Defendants Corley Clarence and Washington Metropolitan Area Transit Authority ("WMATA") hereby states their Answer to Plaintiff's Complaint.

### COMPLAINT FOR NEGLIGENCE

1.     Admitted.

2.     Denied.  Diversity jurisdiction does not exist over WMATA or Defendant Clarence.  Pursuant to Section 80 of the WMATA Compact, Corley Clarence is not a proper party and should be dismissed from this lawsuit as he was acting within the scope of his employment at the time of this alleged incident.

3.     Admit that venue is proper; however, Defendants deny the remaining allegations.

## PARTIES

4.      Admitted.

5.      Defendants are without sufficient information to admit or deny the allegation contained in Paragraph 5.

6.      Defendants admit that WMATA is a transit authority provides mass transit created by an interstate compact between the District of Columbia, Virginia and Maryland. WMATA denies the remaining allegations contained in Paragraph 6.

7.      Admitted.

## FACTS

8.      Defendants admit that Darryl Patterson was parked on Pennsylvania Ave., S.E., on June 25, 2003, at approximately 8:15 a.m., however, at this time, Defendants are without sufficient information and knowledge to admit or deny the remaining allegations contained in Paragraph 8.

9.       Admitted.

10.      Defendants deny all allegations  of paragraph 10 of the Complaint.

11.      Defendants are without sufficient information and knowledge to admit or deny the remaining allegations contained in Paragraph 8.

12.      Admitted.

## COUNT 1

The Defendants incorporate, by reference, paragraphs 1 - 12 and further state that Corley Clarence is not a proper party under Section 80 of the WMATA Compact.

2

13.     Defendants deny the allegations contained in Paragraph 13.

14.     Defendants deny the allegations contained in Paragraph 14.

15.     Defendants are without sufficient information and knowledge to admit or deny the allegations contained in Paragraph 16.

## COUNT II

(Negligence - Repondeat Superior Liability - Defendant WMATA)

The Plaintiff incorporates, by reference, paragraphs 1 through 15.

16.     WMATA admits that Corley Clarence was operating a WMATA bus in the scope of his employment with WMATA at the time of this occurrence, however the Defendants deny the remaining allegations contained in Paragraph 16.

17.     WMATA admits that it is liable for its torts of its employees committed in the conduct of any proprietary function, in accordance with the law of the applicable signatory and that Mr. Clarence was operating the WMATA bus in the scope of his employment at the time of the occurrence, but Defendants deny the remaining allegations contained in Paragraph 17.

18.     WMATA denies the allegations contained in Paragraph 18.

19.     WMATA is without sufficient information and knowledge to admit or deny the allegations contained in Paragraph 19.

## COUNT III

**(Negligent Hiring, Training, Supervision and Retention - Defendant WMATA)**

The Plaintiff incorporates, by reference, paragraphs 1 - 19; and states that it is immune from claims of negligent hiring, training, supervision, and retention.

20.    Plaintiff states Incorrect or incomplete statements of law and not allegations of fact, and therefore no response is required.  To the extent that a response is required, denied.

21.    WMATA denies the allegations contained in Paragraph 21; it further states that it is immune from suit issues arising out of WMATA's decisions as to hiring, training, and supervision.

22.    Denied.

23.    Denied.

24.    Denied.

25.    Denied.

26.    WMATA is without sufficient information and knowledge to admit or deny the allegations contained in Paragraph 19.

First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

Second Affirmative Defense

Plaintiff's action is barred from recovery based on plaintiff's contributory negligence and/or assumption of the risk.

Third Affirmative Defense

Defendants reserve the right to assert that Plaintiff's action is barred in whole, or in part, by Section 80 of the WMATA Compact.

Fourth Affirmative Defense

Defendants intend to rely on all defenses available from the evidence presented at the trial, and reserves the right to assert such defenses at that time.

Further answering the complaint, Defendants deny all allegations of negligence and other improper conduct and further deny all allegations not specifically admitted or otherwise answered.

WHEREFORE, having fully answered the Complaint, Defendants respectfully request that this matter be dismissed and that WMATA be awarded  its attorney's fees and the costs of responding to this lawsuit.

**DEMAND FOR JURY TRIAL**

Defendant WMATA requests a jury trial.

Respectfully submitted,

Carol B. O'Keeffe
General Counsel

_____
Mark F. Sullivan # 430876
Deputy General Counsel
_____

_____
Sara Bloom #459926
Assistant General Counsel
Attorneys for Defendant -- WMATA
600 Fifth Street, N.W.
Washington, D.C. 20001
(202) 962-2420

5

_____

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing **Defendants' Answer to Complaint** was

mailed, postage prepaid, this 8th day of July 2005 to:

Jonathan E. Haperin
Paul Cornoni
1919 M St., N.W.
Ste 350
Washington, D.C.  20036
Attorneys for the Plaintiff




_____
Sara L. Bloom