# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DARRYL PATTERSON** | : |
| Plaintiff, | : |
| | : Case No. 05-1105 |
| v. | : (RCL) |
| **WMATA, et al.** | : |
| Defendants. | : |

## MEET AND CONFER STATEMENT

The Parties, by and through their respective counsel, file the following report pursuant to LCvR 16.3. Counsel for the Parties have conferred via telephone regarding the matters set forth in LCvR 16.3. With respect to the specific matters referred to in LCvR 16.3(c), the Parties make the following disclosures:

1. Counsel agree this jury case should be placed on the standard trial track, and it is not presently known whether the case is likely to be resolved by dispositive motion.

2. The joinder of additional parties to this litigation is not anticipated at this time but the Parties reserve the right to do so if necessary and appropriate. At this time it does not appear that the pleadings will need amendment; however, the Parties reserve the right to do so either by mutual consent or through appropriately noticed motion for leave to amend.

3. The parties consent to the assignment of any and all discovery disputes to a Magistrate Judge. However, the parties are unable to consent to the assignment of the trial in this matter to a Magistrate Judge.

4. Since the parties have not yet engaged in substantive discovery, it is unknown whether there is a substantial likelihood of resolving the case short of trial.

5. Notwithstanding the present settlement posture of this case, it is believed by the Parties that alternative dispute resolution proceedings, particularly private mediation, may be effective in seeking a resolution of this case. It is recommended by the parties that mediation be scheduled following the completion of discovery in this case.

6. The parties have not agreed on whether the case may be subject to resolution in whole or in part by summary judgment or other dispositive motion.

7. The parties agree to dispense with the initial disclosures required by Rule 26(a)(1) and shall proceed by general discovery rules and any pertinent deadlines set forth in the discovery schedule below.

8. The parties do not believe it is necessary to establish limits on interrogatories, depositions or other discovery. Counsel believe that they will work together in a cooperative manner to complete all necessary discovery. The parties propose the following discovery schedule:

| | |
|---|---|
| Plaintiffs Identify Experts | 01/12/06 |
| Defendant Identifies Experts | 02/12/06 |
| Plaintiffs' Rebuttal Experts | 03/12/06 |
| Discovery Closes | 05/12/06 |
| Dispositive Motions Filed By | 06/12/06 |

9. The parties propose to identify their expert witnesses and provide a summary of the opinions and conclusions held by the witnesses and to make all of their expert witnesses promptly available for deposition following their timely identification. The Parties otherwise waive the requirements of Fed. R. Civ. P. 26(a)(2).

10. This is not a class action and so Rule 23 is not at issue in this case.

11. At this time, the parties do not believe that the trial and/or discovery should be bifurcated or managed in phases.

12. An initial scheduling conference is not currently set in this matter. The Plaintiff requests that an initial scheduling conference be set in this matter at the Court's earliest convenience, so that the discovery schedule may be entered and that a trial date may be scheduled in this case. The parties believe that a pretrial conference should be set in this matter within 30-60 days of the close of discovery.

13. The Plaintiff believes that it would be appropriate for the Court to set a trial date at the time of the initial scheduling conference referred to in ¶ 12 above. The Defendants believe that it is appropriate to select a trial date at the pretrial conference after discovery has closed. It is anticipated that the trial can be completed in one (1) to three (3) trial days.

14. The Parties agree to confer with respect to any modifications to the foregoing disclosures and Plan, as well as with respect to any motions to be filed with

the Court either dispositive or with respect to discovery matters, prior to seeking the intervention of the Court.

Respectfully submitted,                                Respectfully submitted,

_____/s/_____                          _____/s/_____
Jonathan E. Halperin   #435512                         Sara L. Bloom, Esquire
Paul Cornoni           #489398                         Assistant General Counsel, WMATA
1919 M Street, N.W., Suite 350                         600 Fifth Street, NW
Washington, D.C. 20001                                 Washington, DC 20001
Ph: (202) 463-3030                                     PH: (202) 962-2420
*Counsel for Plaintiff*                                *Counsel for Defendant*

### CERTIFICATE OF ELECTRONIC FILING

    I hereby certify that on the 12th day of October, 2005, a copy of the foregoing Meet and Confer Statement was electronically filed in the United States District Court for the District of Columbia

                                                    /s/

                                        Paul Cornoni

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DARRYL PATTERSON** : | |
| **Plaintiff,** : | **Case No. 05-1105** |
| v. : | **(RCL)** |
| **WMATA, et al.** : | |
| **Defendants.** : | |

## ORDER

Upon consideration of the Meet and Confer Statement submitted by the parties on October 12, 2004, and a review of the record herein, and it appearing to the Court that the parties have jointly agreed on a discovery schedule that appears reasonable to the Court, it is this ____ day of _____, 2005;

ORDERED that the Meet and Confer Statement is incorporated into this Order; and it is

FURTHER ORDERED that the following discovery deadlines are established for this litigation:

| | |
|---|---|
| Plaintiffs Identify Experts | 01/12/06 |
| Defendant Identifies Experts | 02/12/06 |
| Plaintiffs' Rebuttal Experts | 03/12/06 |
| Discovery Closes | 05/12/06 |
| Dispositive Motions Filed By | 06/12/06 |

- 3 -

SO ORDERED.

_____
Royce C. Lamberth
United States District Court Judge

cc:   Jonathan Halperin
      Paul Cornoni
      Regan, Halperin & Long
      1919 M Street, N.W., Suite 350
      Washington, D.C.  20036

      Sara L. Bloom, Esquire
      Assistant General Counsel, WMATA
      600 Fifth Street, NW
      Washington, DC  20001
      *Counsel for Defendant*

- 3 -