UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **DARRYL PATTERSON** | : | |
| Plaintiff, | : | |
| | : | Case No. 05-1105 |
| v. | : | (RCL) |
| | : | |
| **WMATA, et al.** | : | |
| Defendants. | : | |

**PLAINTIFF'S PRELIMINARY RULE 26(b)(4) STATEMENT**

Plaintiff Darryl Patterson, by and through undersigned counsel, hereby provides the expert disclosures as required by Federal Rule of Civil Procedure 26(a)(2), as well as the Local Rules of this Court. These expert disclosures are based upon discovery which has been conducted to date, and Plaintiff reserves the right to supplement this pleading, as well as designate additional experts and/or rebuttal experts pending completion of additional discovery, including the identification of any defense experts. At the time of submission of their Rule 16.3(d) Statement, the parties agreed to identify their expert witnesses and provide a summary of opinions and conclusions held by the witnesses and to make all of their expert witnesses promptly available for deposition following their timely identification. The parties otherwise have waived the other requirements of Federal Rule of Civil Procedure 26(a)(2). Please note that the sentence structure and language is solely that of counsel for Mr. Patterson and represents counsel's choice of words and not any of the experts identified in this document.

I.  **IDENTITY OF EXPERTS: Medical Professionals Who Provided Treatment to Plaintiff.**

The following persons may be used at trial to present evidence under Federal Rules of Evidence 702, 703, or 705:

1. Richard Barth, M.D.
   The George Washington University Hospital
   901 23rd Street NW
   Washington DC 20037

   and/or

   Richard Barth, M.D.
   2021 K Street NW
   Washington DC 20006

2. Anthony S. Unger, M.D.
   2021 K Street NW
   Washington DC 20006

3. Yolanda Haywood, M.D.
   The George Washington University Hospital
   901 23rd Street NW
   Washington DC 20037

4. Designated Representative of
   Sibley Memorial Hospital
   5255 Loughboro Road NW
   Washington DC 20016

5. Designated Representative of
   The George Washington University Hospital
   901 23rd Street NW
   Washington DC 20037

    6.    Designated Representative of D.C. Fire Department (Ambulance)
1923 Vermont Avenue, N.W.
Washington, D.C. 20001

    7.    All other healthcare professionals identified in Plaintiff's medical records or in any deposition.

The above-identified medical providers are treating physicians who are expected to testify, consistent with their medical records, reports, and bills, about the treatment and care they provided to Plaintiff in connection with the injuries he suffered from the incident that forms the basis of this litigation. These providers are also expected to testify as to the degree of permanent disability suffered by Plaintiff as a result of the injuries he suffered from the incident that forms the basis of this litigation. They are also expected to testify, based on their treatment and review of the medical records and bills in this case, as to the medical necessity and reasonableness of the treatment, care and bills arising in connection with the injuries he suffered from the incident that forms the basis of this litigation. These witnesses may also use medical-legal illustrations and exhibits to aid their testimony at the time of trial.

The above-identified designated representatives are expected to speak on behalf of the various institutions for which they are designated, about the work and matters undertaken by the institution, and/or the charges affiliated with such work and the reasonableness of those charges.

Moreover, the above listed medical providers are expected to testify that Mr. Patterson suffered a crushed left index finger as a result of the incident in question. As a direct and proximate cause of the Defendants' negligence, Plaintiff was forced to undergo two surgeries which were medically necessary. More specifically, the above listed

3

medical providers are expected to testify that Mr. Patterson underwent a traumatic amputation of his left index finger as a direct result of the incident in question. The amputated portion of his left index finger was crushed and mangled. The medical providers are expected to testify that potential reimplantation was not a prudent, safe and/or medically viable option. The medical providers are expected to testify that as a result of the incident in question Mr. Patterson underwent a surgical procedure entitled: "Revision amputation left index finger with rotation flap coverage." A description of this surgery which was performed on the date of the incident by Dr. Richard Barth at The George Washington University Hospital is attached to this report. See Operative Report dated 6/26/03.

Plaintiff incorporates by reference any medical opinions expressed by the treating medical providers in the medical records attached to this designation hereto, and reserves the right to dispute or put forth any such medical opinions at the time of trial.

The medical providers are expected to testify that Mr. Patterson required an additional surgery directly related to the incident in question. This medical surgery took place on August 15, 2003 and was performed by Dr. Richard Barth. This surgery was entitled: "Examination of pyogenic granuloma, left index finger, with irrigation and debridement and deep culture of bone, proximal phalanx." A description of this surgery is attached hereto, see Operative Summary dated 6/26/03.

The medical providers are expected to testify that as a direct and proximate result of Defendants' negligence, Plaintiff suffered numerous injuries, including but not limited to, a traumatic amputation to his left index finger and multiple forms of trauma to his hip.

As a result of these injuries, Mr. Patterson was forced to undergo multiple medical procedures, numerous forms of physical therapy, and take multiple types of pain medication. A description of said procedures and medical bills are attached hereto. The medical providers are expected to testify that Mr. Patterson suffered severe pain due to the injuries that have been inflicted upon him as a result of the Defendants' negligence. The above-mentioned medical providers are also expected to testify that Mr. Patterson has suffered permanent injuries as a result of the incident in question. Such permanent injuries, include but do not exclude, the amputation of his left index finger, the loss of significant use, grip, sensation, and strength in Mr. Patterson's left hand and the loss of significant mobility, sensation and use of Plaintiff's hip.

The expert opinions expressed by said medical providers are all held within a reasonable degree of medical and/or scientific certainty, are all based on numerous pieces of relevant and reliable information as well as each expert's experience, knowledge and skill in the particular fields of medicine.

II.  **INFORMATION REGARDING SPECIALLY RETAINED OR SPECIALLY EMPLOYED EXPERTS**

The following persons are those whom Plaintiff has retained or specially employed to provide expert testimony:

1.  Sharon Reavis, R.N.
    Health Information Resources
    11520 Nuckols Road
    Suite 101, Concourse Commons
    Glen Allen, VA   23059

Ms. Reavis is a registered nurse and has been licensed to practice nursing since 1966. She holds a Bachelor of Science degree in Professional Arts/Health Care

5

Administration from St. Joseph's College, as well as a Master of Science in Rehabilitation Counseling from Virginia Commonwealth University. She holds certifications in the fields of rehabilitation counseling, case management, and senior disability analysis. Ms. Reavis is currently a Medical Case Manger for Health Information Resources and has worked with hundreds of severely injured and disabled individuals. Ms. Reavis' extensive clinical experience and active involvement in the fields of rehabilitation and case management are further detailed in the attached *Curriculum vitae*.

Ms. Reavis has been provided with various materials pertaining to this litigation including voluminous medical records pertaining to the medical care and treatment received by Plaintiff as a result of the severe injuries and damages he sustained due to the negligent driving of the Defendants. In addition, Ms. Reavis intends to meet Mr. Patterson, interview Mr. Patterson, and have discussions with Mr. Patterson's treating health care providers. Ms. Reavis has discussed or will discuss the case with Plaintiff's counsel and/or some of the other expert witnesses in this case. As a result of her knowledge and expertise in her field, as well as her review of materials associated with this litigation, Ms. Reavis is presently preparing a life care plan setting forth Mr. Patterson's future care needs as a result of the severe injuries he suffered as a result of the failure of Defendants to maintain proper control of their motor vehicle. A copy of Ms. Reavis' life care plan will be forwarded to counsel upon its finalization.

In summary, Ms. Reavis is expected to provide an expert opinion that Mr. Patterson will require future care costs, without accounting for future inflationary

increases or discounting to present value, and she will provide the precise amount of these costs in her anticipated report.

Ms. Reavis continues to review additional materials as they are generated during the course of this litigation, and in the event that her opinions and/or conclusions are altered in any substantive way, a supplemental summary of her opinions will be provided. Plaintiff's counsel, upon request of defense counsel, will also arrange for the scheduling a mutually convenient date and time for Ms. Reavis' deposition.

2.  Richard J. Lurito, Ph.D.
    RL, Inc.
    1491 Chain Bridge Road, Suite 300
    McLean, VA 22101

Dr. Richard J. Lurito is an expert in the field of economics and statistics. Dr. Lurito's education, training, academic and publication credentials are set forth in his *Curriculum vitae*, which is attached hereto.

Dr. Lurito has been requested to prepare an economic loss report concerning the economic damages sustained by the Plaintiff as a result of the conduct of the Defendants. Dr. Lurito's report will be supplied to counsel for all parties as soon as it is available. In his report, Dr. Lurito is expected to address, based upon his knowledge and expertise in the field of economics as well as the materials that have been supplied to him in connection with this litigation, the extent of the past and future economic damages, incurred by the Plaintiff. Dr. Lurito will provide expert testimony concerning the present value of the future medical costs the Plaintiff will incur as set forth in the life care plan prepared by Sharon Reavis. Dr. Lurito will provide expert testimony concerning the

economic losses the Plaintiff will incur in reliance and conjunction with Peder Melberg's vocational report.

As previously indicated, as soon as Dr. Lurito's written report is prepared, a copy will be furnished to all counsel. Dr. Lurito will also be made available for deposition at a date and time convenient for all parties.

> 3. Peder K. Melberg, M.A.
> Vocational Resources
> 11520 Nuckols Road
> Suite 101, Concourse Commons
> Glen Allen, Virginia 23060

Mr. Melberg is a Masters-prepared expert in the fields of Vocational Evaluation and Rehabilitative Counseling. In 1976, he completed a Bachelor of Arts degree in Psychology from the University of Wisconsin, and in 1981 obtained a Master of Arts degree in Vocational Rehabilitation Counseling/Psychology from the same institution. Mr. Melberg currently holds a position as a Vocational Evaluator and Rehabilitation Counselor at Vocational Resources located in Richmond, Virginia. Mr. Melberg's educational background and extensive experience are described in detail in the attached *Curriculum vitae*.

Mr. Melberg has been provided with various materials pertaining to this litigation, including medical records, and other documents related to Mr. Patterson's injuries. In addition, Mr. Melberg will base his opinions upon interviews and discussions with Plaintiff and various treating physicians and other experts. Mr. Melberg has also discussed the case with the Plaintiff's counsel and/or some of the other expert witnesses in this case.

Based upon his knowledge, education, training and expertise in his field, Mr. Melberg will prepare a report detailing the vocational implications resulting from the injuries sustained by Plaintiff. A copy of this report will be provided to defense counsel immediately upon its completion.

Mr. Melberg will provide expert testimony on the extent to which Plaintiff's injuries resulted in significant functional changes which have effectively rendered him unable to perform certain types of gainful employment. Mr. Melberg will thoroughly evaluate Mr. Patterson's pre-injury functioning and career record, and will offer expert opinion on the extent to which his functional changes and impairments are directly related to the consequences of the incident at issue in this litigation.

Mr. Melberg continues to review additional materials as they are generated during the course of this litigation, and in the event that his opinions and/or conclusions are altered in any substantive way, a supplemental summary of his opinions will be provided. Plaintiff's counsel is available to schedule a mutually convenient date and time for Mr. Melberg's deposition.

    Respectfully submitted,

    REGAN, HALPERIN & LONG, PLLC

    By:_____/s/_____
    Paul Cornoni    #435512
    1919 M Street N.W.
    Suite 350
    Washington, D.C. 20036
    Phone: (202) 463-3030
    Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Plaintiff's Preliminary Expert Disclosures was sent via facsimile and First Class Mail, postage prepaid, this 12th day of January, 2006 to:

>Sara L. Bloom, Esquire
>Assistant General Counsel, WMATA
>600 Fifth Street, NW
>Washington, DC  20001

_____/s/_____
Paul Cornoni